ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| MARÍA SOCORRO PÉREZ CORDERO<br><br>Peticionaria<br><br>v.<br><br>SECRETARIO DE JUSTICIA DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS, HONORABLE FISCAL DE DISTRITO, SALA DE CAROLINA Y OTROS<br><br>Recurridos | TA2026CE00045 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2025CV00910<br><br>Sobre: Expediente de Dominio |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de marzo de 2026.

Compareció ante nos la Sra. María Socorro Pérez Cordero (en adelante, "señora Pérez Cordero" o "peticionaria") mediante el recurso de *Certiorari* de epígrafe presentado el 12 de enero de 2026. Nos solicita la revisión de la *Resolución Interlocutoria* emitida el 3 de noviembre de 2025 y notificada el 6 de noviembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, "foro de instancia"). En el aludido dictamen, el foro de instancia denegó una solicitud para emplazar por edicto.

Por los fundamentos que expondremos a continuación, se **deniega** la expedición del auto de *Certiorari*.

**-I-**

El 25 de marzo de 2025, la señora Pérez Cordero instó una *Petición* de expediente de dominio sobre el inmueble ubicado en el municipio de Carolina, Puerto Rico.[1]

En igual fecha, la señora Pérez Cordero presentó una *Moción solicitando emplazamiento por edicto* en la cual solicitó que se expidiera un edicto para citar a las personas siguientes: (i) a los dueños anteriores del inmueble, doña Francisca Cordero Rodríguez, don Aniceto Vigo y don Demetrio Vigo; (ii) a los herederos, Fulano y Zutano de Tal y a cualquier heredero de las personas relacionadas; (iii) a los colindantes; (iv) Autoridad de Carreteras; (v) Sucesión Escalera Román y (vi) Héctor López Hernández.

Al día siguiente, 26 de marzo de 2025, el foro de instancia mediante *Resolución Interlocutoria* denegó la solicitud para emplazar por edicto, toda vez que la señora Pérez Cordero no expresó las razones que le impide notificar personalmente a las partes ni a cumplido con la norma jurídica para ello.[2] Además, ese mismo día, el foro de instancia emitió una *Orden* en la que concedió treinta (30) días a la señora Pérez Cordero para lo siguiente:

> Se concede 30 días a la Peticionaria, para que acredite la notificación de la Petición a la Autoridad de Acueducto y Alcantarillado, Autoridad de Energía Eléctrica, Luma Energy, Recursos Naturales, Autoridad de Tierras y al Municipio donde radica el inmueble.
>
> En el término antes mencionado, el Peticionario deberá notificar personalmente la petición a los colindantes y anteriores dueños.[3]

Tras varios trámites procesales, el 6 de agosto de 2025, la señora Pérez Cordero instó *Moción en cumplimiento con orden dictada el 20 de junio de 2025 y notificada en igual fecha [sumac 45].*[4] Allí informó sobre las gestiones infructuosas realizadas por la emplazadora —la Sra. Angélica Torres Vargas (en adelante, "señora

---

[1] SUMAC-TPI, entrada núm. 1.
[2] *Id.,* entrada núm. 3
[3] *Id.,* entrada núm. 4.
[4] *Id.,* entrada núm. 65.

Torres Vargas")— para localizar y diligenciar los emplazamientos dirigidos a los miembros de la Sucesión Escalera Román. Además, adjuntó una declaración jurada suscrita por la señora Torres Vargas.

Mediante *Resolución Interlocutoria*[5], emitida el 21 de agosto de 2025 y notificada al día siguiente, el foro de instancia denegó la autorización para emplazar por edicto a los miembros de la Sucesión Escalera Román, ya que:

> Visitar al Cuartel de la Policia para conocer el paradero de José Orlando Escalera Salamán, Alberto Luis Escalera Salamán, Eddie Jesús Escalera Salamán, Carmelo Escalera Salamán y María Emilia Escalera Salamán, no son gestiones reales y vigorosa[s] para conocer el paradero de dichas partes.

Luego de la expedición de los emplazamientos personales, el 22 de octubre de 2025, la señora Pérez Cordero presentó una *Moción Informativa*[6] en la cual reiteró su solicitud de emplazamiento por edicto y adjuntó una declaración jurada de la emplazadora, la señora Torres Vargas, para hacer constar todas las gestiones infructuosas realizadas para emplazar a los miembros de la Sucesión Escalera Román. Además, informó al foro de instancia lo siguiente:

> [...] hemos hecho acercamientos al Lcdo. Víctor Vargas Baigés a los efectos de que, si puede realizar gestiones a los fines de obtener autorización de sus clientes, *José Orlando Escalera Salamán, Alberto Luis Escalera Salamán, Eddie Jesús Escalera Salamán, Carmelo Escalera Salamán y María Emilia Escalera Salamán*, y nos pueda proveer sus direcciones fisicas, para enviar a emplazarlos conforme a la Regla 4.5 de las Reglas de Procedimiento Civil vigentes.
>
> 3. El 15 de octubre de 2025 mediante llamada a nuestra oficina del compañero Vargas Baigés, éste indicó que "*pasó por la casa de doña María Escalera, que parecía que no había nadie, que iba a regresar para tomar la dirección física, aunque la casa esté cerrada y que no tiene la dirección de ninguno de los otros herederos*".[7]

Ante esto, el foro de instancia emitió el 3 de noviembre de 2025 una *Resolución Interlocutoria*, notificada el 6 de noviembre de

---

[5] *Id.*, entrada núm. 69.
[6] *Id.*, entrada núm. 81.
[7] *Id.*, págs. 1-2.

2025, mediante la cual denegó una solicitud para emplazar por edicto por los fundamentos siguientes:

> Surge de la declaraci[ó]n jurada de Sra. Angélica Torres Vargas que visit[ó] en una ocasi[ó]n la propiedad y que pregunt[ó] a vecinos por José Orlando Escalera Salamán, Alberto Luis Escalera Salamán, Eddie Jesús Escalera Salamán, Carmelo Escalera Salamán y María Emilia Escalera Salamán.
>
> De la declaraci[ó]n jurada no indica el lugar que alegadamente visit[ó] ni la identi[dad] de las personas a quien pregunto. Tampoco indica las gestiones especificar que realiz[ó] para localizar a cada uno de los demandados.
>
> La jurisprudencia [h]a indicado que la declaración jurada que a ese efecto se preste, debe contener hechos específicos demostrativos de esa diligencia y no meras generalidades que no son otra cosa que prueba de referencia. La declaración tiene que especificar las gestiones hechas con expresión de las personas con quiénes se investigó y la dirección de éstas. Hacerlo constar es de incalculable valor para evitar un emplazamiento [de]fectuoso.[8]

En desacuerdo, la señora Pérez Cordero presentó una *Moción de reconsideración solicitando se expida emplazamiento por edictos*. Allí argumentó que todas las agencias gubernamentales comparecieron y ninguna se ha opuesto a la petición de dominio. Solicitó que se ordenara el emplazamiento por edicto, ya que:

> De las expresiones del distinguido compañero Vargas Baigés, hijo de un juez que prestigió la sala del Tribunal Superior de Puerto Rico, se desprende que sus clientes, José Orlando Escalera Salamán, Alberto Luis Escalera Salamán, Eddie Jesús Escalera Salamán, Carmelo Escalera Salamán y María Emilia Escalera Salamán, no están a la mano, al igual que de la Declaración Jurada suscrita por la emplazadora, Angélica Torres Vargas, fechada el 22 de octubre de 2025.[9]

Consecuentemente, el foro de instancia emitió el 10 de diciembre de 2025, notificada el 15 de diciembre de 2025, una *Resolución Interlocutoria* mediante la cual denegó la solicitud de reconsideración.[10]

Inconforme con lo anterior, la señora Pérez Cordero acudió ante nos mediante el recurso de epígrafe y esbozó el señalamiento de error siguiente:

> Respetuosamente, entendemos que, al descartar y/o no darle crédito a la Declaración Jurada prestada por la Sra.

---

[8] *Id.*, entrada núm. 83.
[9] *Id.*, entrada núm. 84.
[10] *Id.*, entrada núm. 85.

Angélica Torres Vargas el 22 de octubre de 2025 (véase el EXHIBIT de la entrada (81) del Tribunal de Primera Instancia), el Honorable Ismael Álvarez Burgos incidió y/o cometió error manifiesto.[11]

Transcurrido el término dispuesto en la Regla 37 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 60, 216 DPR __ (2025) para que los recurridos presentaran sus alegatos en oposición al recurso de epígrafe, no comparecieron, por lo que damos por perfeccionado el recurso y procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

## A. *Certiorari*

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez*, supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter

---

[11] SUMAC-TA, entrada núm. 1.

dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Id.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 141, pág. 63, 216 DPR ___ (2025). La referida Regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, a saber:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Id.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que —para el buen funcionamiento del sistema judicial y la rápida disposición de los litigios— el juzgador de Instancia tiene gran

flexibilidad y discreción para atender y conducir los asuntos litigiosos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003). Esto es, el adjudicador del foro primario tiene plena facultad para conducir el proceso judicial que atiende de acuerdo con su buen juicio y discernimiento al interpretar el derecho aplicable. Dado a eso, la norma general es que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el caso ante nos, el peticionario alega que el foro de instancia erró al descartar y no darle crédito a la Declaración Jurada de la emplazadora, la señora Torres Vargas, en la que hizo constar las gestiones infructuosas para localizar a los miembros de la Sucesión Escalera Román.

Tras examinar el expediente de epígrafe a la luz de lo estatuido en la Regla 52.1 de Procedimiento Civil, *supra*, no encontramos razones para expedir el auto y revisar la determinación recurrida.

Tampoco surge del expediente —ni el peticionario no ha demostrado— que el foro de Instancia haya actuado bajo pasión, prejuicio o parcialidad o algún error manifiesto. Además, determinamos que la actuación del foro de Instancia no representa un fracaso a la justicia. Por el contrario, consideramos que la actuación del foro de instancia se encuentra dentro del ámbito de su amplia discreción para el manejo del caso ante su consideración. Nada en el expediente nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. La exposición del peticionario no nos mueve para inmiscuirnos en el manejo del caso o en la discreción del foro de instancia. Por tanto, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento.

En consecuencia, a tenor con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* colegimos que no existe criterio jurídico que amerite nuestra intervención en esta etapa de los procedimientos.

**-IV-**

Por los fundamentos expuestos previamente, se **deniega** la expedición del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones